UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDWARD ADAMS, | Case No. 3:22-cv-00480-MMD-CSD |
| Petitioner, | ORDER |
| v. | |
| GARRETT, *et al.*, | |
| Respondents. | |

I. **SUMMARY**

28 U.S.C. § 2254 habeas corpus Petitioner Edward Adams challenges his conviction of numerous counts, including seven counts of sexual assault of a minor and kidnapping. (ECF No. 22.) He is serving an aggregate term of 80 years to life in prison. His claims include that his trial counsel rendered ineffective assistance in several ways and that the State engaged in prosecutorial misconduct during his trial. Now before the Court is Adams' motion for leave to file a second-amended petition.[1] The Court concludes that good cause exists and grants the motion under Federal Rule of Civil Procedure 15(a).

II. **BACKGROUND**

Adams dispatched his original, *pro se* habeas petition in October 2022. (ECF No. 6.) Because it appeared that at least some of his legal claims may be complex, the Court granted his motion for counsel and appointed the Federal Public Defender ("FPD"). Adams filed a first-amended petition through the FPD in October 2023. (ECF No. 18.) He contemporaneously filed a motion for leave to file a second-amended petition. (ECF No. 22 ("Motion").) Respondents opposed the Motion, and Adams replied. (ECF Nos. 24, 25.)

---

[1]The Court will also address Adams' motion for leave to file exhibits under seal. (ECF No. 20.)

### III. DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotations omitted). Although leave to amend is within the discretion of the district court, the decision "should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (internal quotations omitted). When deciding whether to grant leave, a court may "take into consideration such factors as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Id.* Futility of amendment can alone justify denying a motion for leave to amend. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

In the Motion, counsel for Adams explains that she filed the first-amended petition on or around the date she calculated that the AEDPA (Antiterrorism and Effective Death Penalty Act of 1996) one-year statute of limitations would expire. (ECF No. 22.) She states that she has retained an independent examiner to challenge the testimony of the State's Sexual Assault Nurse Examiner ("SANE") expert witness. The independent examiner's report will be provided in support of a claim of ineffective assistance of counsel in the second-amended petition. Counsel argues that she acted diligently by filing a first-amended petition within the limitations period, and she does not seek leave to amend out of bad faith or to cause undue delay. She also contends that arguments regarding futility are premature. Respondents counter that Adams failed to comply with local rules because he seeks leave to amend without attaching a proposed amended petition. (ECF No. 24.) They also argue that granting leave to add a new potentially untimely and unexhausted claim would be futile.

///

Adams is correct that courts in this district have allowed counseled federal habeas litigants to file a counseled petition within the limitations period and then set a deadline for a counseled operative petition following further investigation. The Court concludes that justice is best served by granting leave to file a second-amended petition. Adams is not acting in bad faith or solely for the purpose of delay, and Respondents do not argue that they will suffer prejudice. The Court expresses no views on the timeliness of any claims or any other possible applicable procedural bars.

The Court will also grant Adams' subsequent motion for leave for extension of time to file the second-amended petition. (ECF No. 27.) Adams explains that the independent examiner has only just finished her report, and therefore, an extension is needed to draft and finalize the second-amended petition.

Finally, Adams has filed a motion for leave to file certain exhibits under seal. (ECF No. 21.) While there is a presumption favoring public access to judicial filings and documents, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). Here, Adams asks to file findings of medical examinations of the victim, who was under age 14, under seal. He states that the material contains sensitive medical information about the victim and that disclosure would violate her right to privacy. The Court has reviewed the exhibits and concludes that Adams has demonstrated compelling reasons to file the exhibits under seal. Accordingly, the motion is granted, and the exhibits will remain under seal.

IV. **CONCLUSION**

It is therefore ordered that Petitioner's motion for leave to file a second-amended petition (ECF No. 22) is granted.

///

It is further ordered that Petitioner's motion for extension of time to file second-amended petition (ECF No. 27) is granted. The deadline to file a second-amended petition is extended to February 12, 2024.

It is further ordered that Respondents' unopposed motion for extension of time to file a response to the second-amended petition (ECF No. 26) is granted. Respondents have 60 days from the date that Petitioner files and serves his second-amended petition to file a response.

It is further ordered that Petitioner's motion for leave to file certain exhibits under seal (ECF No. 20) is granted. The exhibits will remain under seal.

DATED THIS 15th Day of December 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE