UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDWARD ADAMS, | Case No. 3:22-cv-00480-MMD-CSD |
| Petitioner, | ORDER |
| v. | |
| GARRETT, *et al.*, | |
| Respondents. | |

**I.    SUMMARY**

28 U.S.C. § 2254 habeas corpus Petitioner Edward Adams challenges his conviction of numerous counts, including sexual assault of a minor and kidnapping, for which he received a lengthy sentence. (ECF No. 31.) His claims include that his trial counsel rendered ineffective assistance in several ways and that the State engaged in prosecutorial misconduct during his trial. Respondents filed a Motion to Dismiss, arguing that several claims are untimely, unexhausted, procedurally barred, and/or not cognizable. (ECF No. 35 ("Respondents' Motion").) Adams then filed a Motion for Stay and Abeyance. (ECF No. 42 ("Petitioner's Motion").) As discussed below, the Court grants Petitioner's Motion and denies Respondents' Motion without prejudice.

**II.    BACKGROUND**

In November 2009, an Eighth Judicial District (Clark County, Nevada) jury convicted Adams of first-degree kidnapping, battery with the intent to commit sexual assault, seven counts of sexual assault, and one count of open or gross lewdness. (Exh. 27.)[1] The state district court sentenced him to terms amounting to 80 years to life. (Exh.

---

[1] Exhibits referenced in this order are exhibits to Respondents' Motion (ECF No. 35) and are found at ECF Nos. 36-37.

29.) The Nevada Supreme Court affirmed his convictions in July 2012, and the Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus petition in September 2022. (Exhs. 60, 121.)

Adams dispatched his original, *pro se* habeas petition in October 2022. (ECF No. 6.) Because it appeared that at least some of his legal claims may be complex, the Court granted his motion for counsel and appointed the Federal Public Defender ("FPD"). Adams ultimately filed a second-amended petition through the FPD, containing the following claims:

> Ground 1: The State committed prosecutorial misconduct during closing arguments in violation of Adams' Fifth, Sixth, and Fourteenth Amendment rights.
>
> Ground 2: The evidence was insufficient to convict Adams of multiple counts of sexual assault and open or gross lewdness because multiple convictions for one continuous act violated his Fifth, Sixth, and Fourteenth Amendment rights.
>
> Ground 3: Insufficient evidence was presented to convict Adams of battery with intent to commit sexual assault in violation of his Fifth, Sixth, and Fourteenth Amendment rights.
>
> Ground 4: The district court allowed the prosecution to show the jury prejudicial photographs of Adams in jail clothing during opening statements and closing argument in violation of his Fifth, Sixth, and Fourteenth Amendment rights.
>
> Ground 5: Trial counsel was ineffective in violation of Adams' Fifth, Sixth, and Fourteenth Amendment rights for failing:
>
> A. To remove Juror No. 7 from the jury panel after she disclosed a social relationship with the judge and one of the investigating officers;
> B. To challenge the sufficiency of the evidence to support multiple convictions for the redundant and duplicative sexual assault and open or gross lewdness count;
> C. To challenge the jury instruction that allowed jurors to find that one sexual encounter constituted multiple separate criminal counts;
> D. To challenge the sufficiency of the evidence to support a conviction for battery with intent to commit sexual assault;

> E. To adequately communicate with Adams prior to trial and for failing to prepare for trial;
> F. To challenge the expert testimony of Amy Coe;
> G. To object to the State's prejudicial PowerPoint slides during closing arguments;
> H. To seek a mistral due to the prosecutor's misconduct during closing arguments;
> I. To present compelling mitigation evidence at sentencing; and
> J. Trial counsel's cumulative errors prejudiced Adams.

(ECF No. 31.)

Respondents then moved to dismiss, arguing that grounds 3, 4, and 5(B)-(J) are untimely, unexhausted, procedurally barred, and/or not cognizable. (ECF No. 35.) In response, Adams has moved for a stay and abeyance. (ECF No. 42.) He states that he has filed a state postconviction petition raising most of the claims in the second-amended petition and that he can overcome the state procedural bars because he is actually innocent of sexual assault.[2] He also asserts that some of his claims rely on new evidence that he was unable to develop during his state court proceedings on his first state postconviction habeas petition.

## III.  DISCUSSION

Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement is "grounded in principles of comity" as it gives states "the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In general, a federal district court must dismiss an unexhausted petition without prejudice. *See id.* (noting that the Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (habeas petitions should be dismissed if state remedies have not been exhausted as to any federal claims).

---

[2] Respondents opposed, and Adams replied. (ECF Nos. 45, 48.)

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *See Rhines v. Weber*, 544 U.S. 269, 273-75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Id.* at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Id.* (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Id.* (citing *Rhines*, 544 U.S. at 276-77).

Courts in this district have declined to prescribe the strictest possible standard for issuance of a stay. *See, e.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.* For example, "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

Here, Adams asks the Court to stay this action while he litigates a counseled state postconviction petition. (ECF No. 42.) He argues that he has good cause to excuse the

procedural default of the claims because he has a colorable argument that he is actually innocent.[3] He bases his actual innocence claim on pieces of newly presented evidence—including an expert report that he asserts directly challenges the testimony offered at trial by the State's Sexual Assault Nurse Examiner ("SANE"). Adams argues that aside from the SANE examiner's testimony, the only evidence the State had to prove he committed sexual assault was the alleged victim's inconsistent and unclear testimony. He insists that he is not engaging in dilatory tactics but seeks a stay in order to advance postconviction litigation. Respondents oppose, arguing that under *Shinn v. Ramirez*, 596 U.S. 366 (2022), this Court may not consider new evidence upon Petitioner's return here following a stay. They also argue that Adams fails to demonstrate his actual innocence claim is not plainly meritless.

Although it is undisputed that Adams' unexhausted claims are procedurally barred under Nevada law, Adams has a colorable actual innocence argument he can make to the state courts to overcome the procedural bars. The unexhausted ineffective assistance of trial counsel claims are not plainly meritless. Adams is already litigating his second state postconviction petition. The Court notes that *Ramirez* does not concern the good cause requirement for a *Rhines* stay. So the Court need not determine at this time whether it will entertain new evidence upon Adams' return to this Court following a stay. There is also no indication that Adams has intentionally engaged in dilatory litigation tactics.[4] Accordingly, the Court grants Petitioner's Motion. The Court declines

---

[3]*See Schlup v. Delo*, 513 U.S. 298 (1994); *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc) (A "credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits.").

[4]Generally, petitioners serving a non-capital sentence presumably want to obtain relief as promptly as possible. *See Evans v. Chavis*, 546 U.S. 189, 203 n.1 (2006) (Stevens, J., concurring).

Respondents' request to impose any pre-condition to Adams' returning to continue litigating his federal petition upon the conclusion of the state proceedings.[5]

### IV. CONCLUSION

It is therefore ordered that Petitioner's Motion for Stay and Abeyance (ECF No. 42) is granted.

It is further ordered that this action is stayed pending final resolution of Petitioner's state postconviction habeas petition.

It is further ordered that the grant of a stay is conditioned upon Petitioner returning to federal court with a motion to reopen the case within 45 days of the issuance of the remittitur by the state appellate court at the conclusion of the state-court proceedings on the postconviction habeas petition.

It is further ordered that, in light of the stay, Respondents' Motion to Dismiss (ECF No. 35) is denied without prejudice as moot.

The Clerk of Court is directed to administratively close this action, until such time as the Court grants a motion to reopen the matter.

DATED THIS 26th Day of February 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[5]Of course, Respondents will remain free to argue affirmative defenses and procedural bars as applicable.